Michael E. Stearns
Florida Bar No. 74349
STEARNS, ROBERTS, GUTTENTAG & ZELMER, P.A.
1000 Sawgrass Corporate Parkway
Suite 552
Fort Lauderdale, Florida 33323
mes@stearnsroberts.com
Telephone: 954-382-9199
Facsimile: 954-382-9063
Attorneys for Plaintiff
J.B. Painting & Waterproofing, Inc.
Appearing Pro Hac Vice

Michael J. Glenn, SBN 89654
LAW OFFICES OF JAMES M. DONOVAN
915 Wilshire Blvd., Suite 1610
Los Angeles, California 90017
mglenn@thedonovanoffices.com
Telephone: (213) 629-4861
Facsimile: (213) 689-8784
Attorneys for Plaintiff
J.B. Painting & Waterproofing, Inc.

FILED

2012 OCT 23 PM 4:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J.B. PAINTING & WATERPROOFING, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>RGB HOLDINGS, LLC d/b/a J. RACENSTEIN COMPANY, a Delaware limited liability company, and BIO-CLEAN PRODUCTS, a California company, ROBERT HARBORTH, an individual, and JERRY DAVALLE, an individual,<br><br>Defendants. | CASE NO. CV12-06084R(PJW)<br><br>COMPLAINT:<br><br>(1) BREACH OF IMPLIED WARRANTY UNDER MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §§ 2301-2312;<br><br>(2) BREACH OF EXPRESS WARRANTY UNDER MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §§ 2301-2312;<br><br>(3) IMPLIED WARRANTY OF MERCHANTABILITY, FLA. STAT. § 672.314 (SONG-BEVERLY CONSUMER WARRANTY ACT: CAL. CIV. CODE § 1791.1(a), CAL. COM. CODE § 2314);<br><br>(4) IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, FLA. STAT. § 672.315 (SONG-BEVERLY CONSUMER WARRANTY ACT: CAL. CIV. CODE § 1791.1(b), CAL. COM. CODE § 2315); |

(5) BREACH OF EXPRESS WARRANTY BY AFFIRMATION, PROMISE, DESCRIPTION, SAMPLE, FLA. STAT. § 672.313, CAL. COM. CODE 2313);(6) STRICT LIABILITY;

(7) NEGLIGENCE, NEGLIGENT DESIGN, NEGLIGENT FAILURE TO WARN OF DEFECTS;

(8) BREACH OF IMPLIED WARRANTY (COMMON LAW);

(9) FRAUD AND MISREPRESENTATION AND

(10) DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.211

(11)   BREACH OF CONTRACT

(12)   COMMON LAW INDEMNITY

[DEMAND FOR JURY TRIAL]

Plaintiff, J.B. PAINTING & WATERPROOFING, INC. ("J.B."), by and through undersigned counsel, files this Amended Complaint and sues Defendants, RGB HOLDINGS, LLC d/b/a J. RACENSTEIN COMPANY ("RACENSTEIN"), a Delaware limited liability company, BIO-CLEAN PRODUCTS, ("BIO-CLEAN PRODUCTS"), a California corporation, ROBERT HARBORTH, an individual, and JERRY DAVALLE, an individual, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to 11 U.S.C. § 1331 because this action concerns a federal question under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312. As to the state law claims,

2

AMENDED COMPLAINT

this court has jurisdiction pursuant to 11 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, costs and attorneys' fees, and is between citizens of different states, and also has discretionary supplementary jurisdiction pursuant to 11 U.S.C. § 1367.

2. At all times material to this action, Plaintiff, J.B. PAINTING & WATERPROOFING, INC. was a Florida corporation duly authorized to conduct business under the laws of the State of Florida, with its principal place of business at 303 Jim Moran Boulevard, Deerfield Beach, Broward County, FL 33442.

3. At all times material to this action, Defendant, RGB HOLDINGS, LLC d/b/a J. RACENSTEIN COMPANY, was a Delaware limited liability company duly authorized to conduct business under the laws of the State of Delaware, and is also a foreign limited liability company authorized to do business in California and New Jersey, having its principal place of business at 20925 Chico Street, Carson, CA 90746 and 74 Henry Street, Secaucus, NJ 07094.

4. At all times material to this action, Defendant, BIO-CLEAN PRODUCTS, was a foreign corporation conducting business in the State of California, and located in Sacramento, California.

5. At all times material to this action, Defendant, ROBERT HARBORTH, was an individual located at 4083 Las Pasas Way, Sacramento, CA 95834.

6. At all times material to this action, Defendant, JERRY DAVALLE, was an individual located at 430 Parkfair, Apartment 37, Sacramento, CA 95864.

3

AMENDED COMPLAINT

7. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE manufacture BIO-CLEAN for use on windows to remove water stains and deposits.

8. Venue is proper in the Central District of California based on the residence of Defendants.

9. All conditions precedent to the bringing of this action have occurred, have been performed or have been waived or excused.

10. J.B. has retained STEARNS, ROBERTS, GUTTENTAG & ZELMER, P.A. as counsel in this matter, and is obligated to pay its reasonable attorneys' fees.

## GENERAL ALLEGATIONS

11. In connection with the manufacture of BIO-CLEAN, BIOCLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE made representations about its product on its website, on the labels, and in its product manuals. In addition, on or about June 1, 1994, BIO-CLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE issued its Material Safety Data Sheet ("MSDS").

12. In connection with the distribution of BIO-CLEAN, RACENSTEIN made representations about BIO-CLEAN on its website, and distribution materials.

13. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE's website indicates as follows:
> Bio-Clean is a line of commercial and residential cleaning products containing non-chemical, non-acidic based cleaning ingredients. Bio-Clean will cause no harm or damage to skin if contacted. Bio-Clean is safe to use on glass, shower doors, boats and even pots and pans! Most importantly, it works better than you can imagine! Always bet on Bio-Clean!
>
> http://www.bio-cleanproducts.com (e.s.)

14. RACENSTEIN's website indicates:
BioClean Water Stain Remover is used for easy removal of hard water stains, cement leaching, sprinkler stains and runoff. No harsh chemicals or unpleasant odors. Easy to apply paste.

www.jracenstein.com (e.s.)

15. At all material times to this action, J.B. relied on the representations made by BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN, including the MSDS.

16. A defect was present in BIO-CLEAN that existed at the time BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN, parted possession with BIO-CLEAN.

17. On or about June 24, 2008, GATEWAY CENTER, a 17-story office building located at 1000 Legion Place, Orlando, Florida, hired J.B. to remove water stains and deposits from the windows ("Windows").

18. On or about June 2008, J.B. purchased from RACENSTEIN the product BIO-CLEAN.

19. In order to remove the water stains and deposits, J.B. sought and obtained the professional advice and recommendation of BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN, concerning the type of product to use to achieve that goal.

20. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN recommended the product BIO-CLEAN to accomplish the effective and safe removal of the water stains and deposits from the Windows.

21. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN, engaged in advertising activity concerning BIO-CLEAN, by *inter alia*, making misrepresentations in their advertising that BIO-CLEAN product would effectively remove water stains and deposits, and was safe for use on Windows.

AMENDED COMPLAINT

22. J.B. relied on the advertising of RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE in purchasing and applying BIO-CLEAN on the Windows.

23. As a direct result of BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN's recommendations and advertising, J.B. purchased BIO-CLEAN from RACENSTEIN and applied the BIO-CLEAN to the exterior Windows from June 24, 2008, to December 16, 2008, for a period of 2,521 hours, in accordance with the product specifications and instructions.

24. On or about March 2009, J.B. was notified that the Windows to which BIO-CLEAN was applied exhibited surface scratches after application which were not present prior to the usage of BIO-CLEAN.

25. After various attempts at removal of the surface conditions left by BIO-CLEAN failed, on April 4, 2009, J.B. retained the professional services of Wiss, Janney, Elstner Associates, Inc. (WJE), and their team of materials scientists for laboratory, field testing and analysis of the Windows and the BIO-CLEAN product. WJE performed laboratory studies on the glass and its surface conditions, including visual and microscopic examination. Following its extensive examination, WJE concluded that the swirling surface patterns were caused by the usage of BIO-CLEAN.

26. As a result, from September 1, 2009, to February 2, 2010, J.B. performed 3,299 hours of remediation services to correct the injury caused by the usage of BIO-CLEAN, and incurred damages for additional labor, services and materials in the amount of $169,122.23.

AMENDED COMPLAINT

## COUNT I
## BREACH OF IMPLIED WARRANTY
## UNDER MAGNUSON-MOSS WARRANTY ACT
## 15 U.S.C. §§ 2301-2312

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

27. J.B. purchased the product from RACENSTEIN for use to remove water stains and deposits from the Windows.

28. BIO-CLEAN was defective before it left the control of BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN.

29. The defect of BIO-CLEAN caused the injuries or damage to the Windows.

30. J.B. was a foreseeable user of BIO-CLEAN, and J.B. was in privity with RACENSTEIN.

31. J.B. relied on the oral statements and representations of BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN, and its written labels and/or advertisements and MSDS statement.

32. J.B. used BIO-CLEAN in the intended manner on the Windows at the time the damages occurred.

33. BIO-CLEAN, was manufactured by BIO-CLEAN PRODUCTS, and sold by RACENSTEIN.

34. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS, as a result of Defendants' breach of implied warranty in the amount of $169,122.23, plus interest, costs of litigation,

attorneys' fees pursuant to 15 U.S.C. § 2310(d)(2), and any other relief this Court deems proper.

## COUNT II
## BREACH OF EXPRESS WARRANTY
## UNDER MAGNUSON-MOSS WARRANTY ACT
## 15 U.S.C. §§ 2301-2312

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

35. BIO-CLEAN PRODUCTS, RACENSTEIN, ROBERT HARBORTH, and/or JERRY DAVALLE created an express warranty by affirming, promising or describing that BIO-CLEAN would remove water stains and deposits and was safe for application on windows.

36. J.B. relied on BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE, and/or RACENSTEIN statements, which became part of the basis of the bargain that BIO-CLEAN conforms to that affirmation, promise, or description.

37. Pursuant to 15 U.S.C. § 2310, BIO-CLEAN, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN were required to warrant its product by means of written warranty that met the Federal minimum standards, including but not limited to:

> (1) such warrantor must as a minimum remedy such consumer product within a reasonable time and without charge, in the case of a defect, malfunction, or failure to conform with such written warranty;
>
> (2) notwithstanding section 2308(b) of this title, such warrantor may not impose any limitation on the duration of any implied warranty on the product;
>
> (3) such warrantor may not exclude or limit consequential damages for breach of any written or implied warranty on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty; and
>
> (4) if the product (or a component part thereof) contains a defect or malfunction after a reasonable number of attempts

8

AMENDED COMPLAINT

> by the warrantor to remedy defects or malfunctions in such product, such warrantor must permit the consumer to elect either a refund for, or replacement without charge of, such product or part (as the case may be). The Commission may by rule specify for purposes of this paragraph, what constitutes a reasonable number of attempts to remedy particular kinds of defects or malfunctions under different circumstances. If the warrantor replaces a component part of a consumer product, such replacement shall include installing the part in the product without charge.

38. Pursuant to 15 U.S.C. § 2310, BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN are liable to pay damages, costs and expenses, including reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS, as a result of Defendants' breach of express warranty in the amount of $169,122.23, plus interest, costs of litigation, attorneys' fees pursuant to 15 U.S.C. § 2310(d)(2), and any other relief this Court deems proper.

## COUNT III
### IMPLIED WARRANTY OF MERCHANTABILITY
### FLA. STAT. § 672.314
### (SONG-BEVERLY CONSUMER WARRANTY ACT: CAL. CIV. CODE. § 1791.1(a), CAL. COM. CODE § 2314)

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

39. RACENSTEIN is a merchant with respect to goods of the like-kind products as BIO-CLEAN.

40. RACENSTEIN entered into a contract for the sale of BIO-CLEAN to J.B.

41. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN provided an implied warranty that BIO-CLEAN was merchantable for use to remove water stains and deposits from windows.

AMENDED COMPLAINT

42. J.B., as a window contractor for a commercial building, was a foreseeable user of BIO-CLEAN.

43. At the time of the injury, J.B. used BIO-CLEAN in the intended manner in applying BIO-CLEAN to the Windows to remove water stains and deposits.

44. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN breached that implied warranty because BIO-CLEAN did not fit to the ordinary purpose, was not adequately labeled, and did not conform to the promises or affirmations of fact made in relation to the products ability to clean water stains and deposits, and that it was safe to use on glass.

45. BIO-CLEAN was defective, and as a proximate cause of the application of BIO-CLEAN, caused damages to the Windows.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS, as a result of Defendants' breach of implied warranty of merchantability in the amount of $169,122.23, plus civil penalties not to exceed two times the amount of actual damages, interest, costs of litigation, attorneys' fees, and any other relief this Court deems proper.

### COUNT IV
### IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE
### FLA. STAT. § 672.315
### SONG-BEVERLY CONSUMER WARRANTY ACT: CAL. CIV. CODE. § 1791.1(b), CAL. COM. CODE § 2315

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

46. At the time J.B. purchased BIO-CLEAN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN had reason to know the

AMENDED COMPLAINT

particular purpose that BIO-CLEAN was required was to apply to windows to remove water stains and deposits.

47. At the time J.B. purchased BIO-CLEAN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN knew that J.B. was relying on the BIO-CLEAN PRODUCTS and RACENSTEIN's skill or judgment to select or furnish suitable goods.

48. As such, BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN granted an implied warranty that the BIO-CLEAN was it for the particular purpose of applying the product to windows to remove water stains and deposits.

49. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN breached that implied warranty because BIO-CLEAN did not fit to the particular purpose, and as a proximate cause of the application of BIO-CLEAN, caused damages to the Windows.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS, as a result of Defendants' breach of implied warranty of fitness for a particular purpose in the amount of $169,122.23, plus civil penalties not to exceed two times the amount of actual damages, interest, costs of litigation, attorneys' fees, and any other relief this Court deems proper.

### COUNT V
### BREACH OF EXPRESS WARRANTY
### BY AFFIRMATION, PROMISE, DESCRIPTION, SAMPLE
### FLA. STAT. § 672.313
### CAL. COM. CODE. § 2313

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

50. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or and RACENSTEIN created an express warranty by affirming, promising or

AMENDED COMPLAINT

describing that BIO-CLEAN would remove water stains and deposits and was safe for application on windows.

51. J.B. relied on BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN's statements, which became part of the basis of the bargain that BIO-CLEAN conforms to that affirmation, promise, or description.

52. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, JERRY DAVALLE and/or RACENSTEIN breached that express warranty because BIO-CLEAN did not conform to the benefit of the bargain, and as a proximate cause of the application of BIO-CLEAN, caused damages to the Windows.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS, as a result of Defendants' breach of express warranty by affirmation, description, promise or sample, in the amount of $169,122.23, plus civil penalties not to exceed two times the amount of actual damages, interest, costs of litigation, attorneys' fees, and any other relief this Court deems proper.

## COUNT VI
## STRICT LIABILITY

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

53. BIO-CLEAN is the "injury-producing" product to the Windows.
54. J.B. use of the product was foreseeable.
55. BIO-CLEAN is defective and unreasonably dangerous.
56. RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS had actual and/or constructive knowledge of BIO-CLEAN's defect and dangerous condition.

12

AMENDED COMPLAINT

57. RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or BIO-CLEAN PRODUCTS failed to warn J.B. that the product could permanently scratch the windows, which created an unreasonable risk to J.B.

58. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, ROBERT HARBORTH, JERRY DAVALLE and/or and BIO-CLEAN PRODUCTS, as a result of Defendants' strict liability in the amount of $169,122.23, plus interest, costs of litigation, and any other relief this Court deems proper.

### COUNT VII
### NEGLIGENCE
### NEGLIGENT DESIGN
### NEGLIGENT FAILURE TO WARN OF DEFECTS

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

59. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE owed a duty of care to J.B. to inspect the product BIO-CLEAN because the nature of the product was such that damage from its use was foreseeable, and tests were practicable and would have been effective.

60. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE breached their duty of care by failing to test BIO-CLEAN for usage on windows to remove water stains and deposits, and failing to warn of product defects that could cause damage to windows.

61. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

AMENDED COMPLAINT

1  WHEREFORE, Plaintiff demands judgment against Defendants,
2  RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY
3  DAVALLE, as a result of Defendants' negligence in the amount of
4  $169,122.23, plus interest, costs of litigation, and any other relief
5  this Court deems proper.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY
## (COMMON LAW)

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

62. J.B. purchased the product from RACENSTEIN for use to remove water stains and deposits from the Windows.

63. BIO-CLEAN was defective before it left the control of RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE.

64. The defect of BIO-CLEAN caused the injuries or damage to the Windows.

65. J.B. was a foreseeable user of BIO-CLEAN, and J.B. was in privity with RACENSTEIN.

66. J.B. used BIO-CLEAN in the intended manner on the Windows at the time the damages occurred.

67. BIO-CLEAN, was manufactured by BIO-CLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE and sold by RACENSTEIN.

68. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE, as a result of Defendants' breach of implied warranty in

the amount of $169,122.23, plus interest, costs of litigation, and any other relief this Court deems proper.

## COUNT IX
## FRAUD AND MISREPRESENTATION

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

69. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE represented that its product BIO-CLEAN was safe for use on Windows in the removal of water stains and deposits.

70. BIO-CLEAN PRODUCTS, ROBERT HARBORTH, and/or JERRY DAVALLE's website indicates as follows:

> Bio-Clean is a line of commercial and residential cleaning products containing non-chemical, non-acidic based cleaning ingredients. Bio-Clean will cause no harm or damage to skin if contacted. Bio-Clean is safe to use on glass, shower doors, boats and even pots and pans! Most importantly, it works better than you can imagine! Always bet on Bio-Clean!

> http://www.bio-cleanproducts.com (e.s.)

71. RACENSTEIN's website indicates:
> BioClean Water Stain Remover is used for easy removal of hard water stains, cement leaching, sprinkler stains and runoff. No harsh chemicals or unpleasant odors. Easy to apply paste.

> www.jracenstein.com (e.s.)

72. J.B. relied on the misrepresentations of RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE.

73. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE, as a result of Defendants' fraud and misrepresentation

AMENDED COMPLAINT

in the amount of $169,122.23, plus interest, costs of litigation, and any other relief this Court deems proper.

## COUNT X
## DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## FLA. STAT. § 501.211

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

74. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE engaged in unlawful, unfair, unconscionable deceptive acts or practices in the course of trade and commerce. Specifically, RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE misrepresented and/or falsely advertised to J.B. that BIO-CLEAN would remove any water stains and deposits without disclosing the fact that the use of BIO-CLEAN would damage the Windows.

75. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE knew or should have known that their conduct was unlawful, unfair, unconscionable or deceptive.

76. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE knew that its representations and advertising were false.

77. RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE willfully violated the laws of Florida.

78. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

79. J.B. is entitled to recovery of attorneys' fees pursuant to Section 501.2105 of the Florida Statutes.

AMENDED COMPLAINT

WHEREFORE, Plaintiff demands judgment against Defendants, RACENSTEIN, BIO-CLEAN PRODUCTS, ROBERT HARBORTH and/or JERRY DAVALLE, as a result of Defendants' unfair trade practices in the amount of $169,122.23, plus interest, attorneys' fees, costs of litigation, and any other relief this Court deems proper.

### COUNT XI
### BREACH OF CONTRACT

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

80. J.B. entered into a contract with RACENSTEIN for the purchase of BIO-CLEAN PRODUCTS, specifically to use to safely remove water stains and deposits from the Windows.

81. RACENSTEIN represented that BIO-CLEAN was safe for Windows and that it would remove water stains and deposits from the Windows.

82. J.B. used BIO-CLEAN in the intended manner on the Windows; nevertheless, the use of BIO-CLEAN damaged the Windows.

83. By failing to deliver a product that safely removed water stains and deposits from the Windows, RACENSTEIN breached its contract with J.B.

84. As a result, BIO-CLEAN proximately caused injuries to J.B., and has been damaged in the amount of $169,122.23, plus interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant, RACENSTEIN for breach of contract in the amount of $169,122.23, plus interest, costs of litigation, attorneys' fees, and any other relief this Court deems proper.

AMENDED COMPLAINT

COUNT XII
COMMON LAW INDEMNITY

Plaintiff reavers and realleges the allegations set forth in paragraphs 1 through 26 above, and further alleges that:

85. J.B. entered into a contract with RACENSTEIN in reliance on its special and unique abilities as distributor of BIO-CLEAN, a product that RACENSTEIN represented would safely remove water stains and deposits from Windows, and RACENSTEIN accepted the special relationship of trust and confidence with J.B. to perform such services.

86. RACENSTEIN owed a duty to J.B. to distribute a product that would not cause defects or damages to the Windows upon which BIO-CLEAN was applied.

87. RACENSTEIN failed to discharge this duty to J.B.

88. RACENSTEIN is negligent and wholly at fault for any such alleged damages and defects.

89. J.B.'s liability is purely vicarious, constructive, derivative or technical to that of RACENSTEIN.

90. As a result of the alleged acts, J.B. has suffered damages, and RACENSTEIN is obligated to indemnify J.B.

91. J.B. is entitled to recover reasonable attorneys' fees from RACENSTEIN.

WHEREFORE, J.B. demands judgment against RACENSTEIN for indemnity of all damages in the amount of $169,122.23, plus interest, costs of litigation, and attorneys' fees, any other relief this Court deems proper.

18

AMENDED COMPLAINT

## JURY DEMAND

Plaintiff demands a jury trial for issues so triable.

Respectfully submitted this 19 day of October, 2012.

STEARNS ROBERTS, GUTTENTAG & ZELMER, P.A.
*Attorneys for Plaintiff*
*Appearing Pro Hac Vice*

/s/ Michael E. Stearns

MICHAEL E. STEARNS, ESQ.
Florida Bar No. 74349
1000 Sawgrass Corporate Pkwy.
Suite 552
Fort Lauderdale, FL 33323
Tel: 954-382-9199
Fax: 954-382-9063

AMENDED COMPLAINT